IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYRON EUGENE WORD,

    Petitioner,                  No. CIV S-09-2329 GEB GGH P

    vs.

J. W. HAVILAND,

    Respondent.            FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2008 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole. Petitioner contends that the BPH improperly re-litigated his commitment offense and did not adequately consider his prison record.

        Pending before the court is respondent's November 5, 2009, motion to dismiss. Respondent argues that petitioner's claims are not exhausted. After carefully reviewing the record, the court recommends that respondent's motion be granted.

/////

/////

1

II.  <u>Exhaustion</u>

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276,  92 S. Ct. 509, 512 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert.</u> <u>denied</u>, 478 U.S. 1021 (1986).

To satisfy the exhaustion requirement, a federal claim must be presented to the appropriate state courts "in the manner required by the state courts, thereby 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error[ ].'"  <u>Casey v. Moore</u>, 386 F.3d 896, 915-16 (9th Cir.2004), quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257, 106 S.Ct. 617, 620 (1986).  Where a state court advises a petitioner what must be done before a petition will be reviewed on its merits, such advice must be followed unless the state courts are arbitrarily finding procedural deficiencies.  <u>Kim v. Villalobos</u>, 799 F.2d 1317 (9th Cir.1986).

The California Supreme Court denied the petition for failing to provide an adequate record by citing <u>People v. Duvall</u>, 9 Cal.4th 464, 474 (1995).  Attached to the motion to dismiss as Exhibit A is a complete copy of the petition filed by petitioner in the California Supreme Court.  While petitioner attached several exhibits to this petition, he did not include a copy of the transcript from the disputed 2008 suitability hearing.

Respondent argues that petitioner's claims are not exhausted because he failed to provide the California Supreme Court with a copy of the 2008 suitability hearing transcript.  The undersigned agrees.  The California Supreme Court did not review the merits of petitioner's claims because he failed to include a copy of the transcript from the 2008 suitability hearing.  Petitioner is not precluded from presenting a new petition to the California Supreme Court that cures this pleading defect.  For these reasons, the claims raised in the instant petition are not

exhausted and the motion to dismiss should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's November 5, 2009, motion to dismiss (no. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   December 18, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

wo2329.mtd